**WARNING: AT LEAST ONE DOCUMENT COULD NOT BE INCLUDED!**
**You were not billed for these documents.**
**Please see below.**

| Document Number | Document Description | Pages | Document Error |
|---|---|---|---|
| Document 1 attachment | Attachment | 1 | **DOCUMENT COULD NOT BE RETRIEVED! However, it may still be viewable individually.** |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO.:  5:20-CV-133 |
| | § | |
| 94.59  ACRES OF LAND, MORE OR | § | |
| LESS, SITUATE IN ZAPATA COUNTY, | § | |
| STATE OF TEXAS; JUAN VARGAS, ET AL., | § | |
| | § | |
| *Defendants.* | § | |

_____

**COMPLAINT IN CONDEMNATION**
_____

1.      This is a civil action brought by the United States of America at the request of the

Secretary of the Department of Homeland Security, through the Acquisition  Program Manager,

Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate,

U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for

the taking of property under the power of eminent domain through a Declaration of Taking, and

for the determination  and award of just compensation to the owners and parties in interest.

2.      The Court has subject matter jurisdiction  over this action pursuant to 28 U.S.C.§

1358.

3.      The interest in property taken herein is under and in accordance with the authority

set forth in Schedule "A."

4.      The public  purpose for which said interest in property is taken is set forth in

Schedule "B."

5.      The legal description  and map or plat of land in which certain interests are being

acquired by the filing of this Complaint, pursuant to the Declaration of Taking, are set forth in Schedules "C" and "D."

6.     The interest being acquired in the property described in Schedules "C" and "D" is set forth in Schedule "E."

7.     The amount of just compensation estimated for the property interest being acquired is set forth in Schedule "F."

8.     The names and addresses of known parties having or claiming an interest in said acquired property are set forth in Schedule "G."

9.     Local and state taxing authorities may have or claim an interest in the property by reason of taxes and assessments due and eligible.

WHEREFORE, Plaintiff requests judgment that the interest described in Schedule "E" of the property described in Schedules "C" and "D" be condemned, and that just compensation for the taking of said interest be ascertained and awarded, and for such other relief as may be lawful and proper.

Respectfully submitted,

**RYAN K. PATRICK**
United States Attorney
Southern District of Texas

By:     *s/ John A Smith, III*
        **JOHN A. SMITH, III**
        Assistant United States Attorney
        Attorney-in-Charge
        Southern District of Texas No. 8638
        Texas Bar No. 18627450
        One Shoreline Plaza
        800 North Shoreline Blvd., Suite 500
        Corpus Christi, Texas 78401
        Telephone: (361) 888-3111
        Facsimile: (361) 888-3234
        E-mail: john.a.smith@usdoj.gov

# SCHEDULE A

## <u>SCHEDULE A</u>

<u>AUTHORITY FOR THE TAKING</u>

The property is taken under and in accordance with 40 U.S.C. §§ 3113 and 3114, which authorize the condemnation of land and the filing of a Declaration of Taking; the Act of Congress approved September 30, 1996, as Public Law 104-208, Division C, Section 102, 110 Stat. 3009-546, 3009-554-55, as amended and codified at 8 U.S.C. § 1103(b) & note, and the Act of Congress approved March 23, 2018, as Public Law 115-141, div. F, tit. II, 132 Stat. 348, which appropriated the funds that shall be used for the taking.

# SCHEDULE B

# **SCHEDULE B**

## PUBLIC PURPOSE

The public purpose for which said property is taken is to conduct surveying, testing, and other investigatory work needed to plan the proposed construction of roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas.

# SCHEDULE C

**SCHEDULE C**

LEGAL DESCRIPTION

Zapata County, Texas

Tract:  LRT-LRS-1103
Owner:  Juan Vargas, *et al*.
Acres:  94.59

A tract of land containing 94.59 acres, more or less, situated in the Jose Vasquez Borrego Grant, Abstract 209, Zapata County, Texas, comprised of Share 6-A, containing 47.52 acres, more or less (referred as Tract I-D, 47.195 acres called) and Share 6-B, containing 47.07 acres, more or less (referred as Tract I-B, 47.195 acres called), conveyed to Margaret Cynthia Monsibais, et al, as recorded in Volume 905, Pages 856-861, Official Public Records of Zapata County, Texas, on March 13, 2012, and being more particularly described as follows:

Beginning at a found ¾-inch iron pipe, on the northwest boundary line of Tract 3, 139.19 acres conveyed to Alma Laura Garza, as recorded in Volume 979, Pages 822-854, Official Public Records of Zapata County, Texas, on May 23, 2016, being the east corner of said Share 6-A, also being the easternmost south corner of Part 1, a tract called to contain 79.184 acres, conveyed to George F. Barlow, et al, as recorded in Volume 672, Pages 822-843, Official Public Records of Zapata County, Texas, on July 31, 2002, for the East corner hereof and Point of Beginning;

THENCE, generally along an existing barbed wire fence line with the northwest boundary line of said 139.19 acre tract, as follows:

> S 54°19'03" W, a distance of 874.95 FEET, to a found railroad tie, being the easternmost south corner of said Share 6-A, also being the east corner of said Share 6-B, for a deflection right;

> S 54°32'20" W, a distance of 598.12 FEET, to a found ½-inch iron rod with cap, being the northwest corner of said 139.19 acre tract, also being the northeast corner of Tract 4, a 139.12 acre tract conveyed to Cynthia M. Silva, as recorded in Volume 979, Pages 855-888, Official Public Records of Zapata County, Texas, on May 23, 2016, for a deflection left;

THENCE, generally along an existing barbed wire fence line with the northwest boundary line of said 139.12 acre tract, as follows:

> S 54°21'38" W, a distance of 728.69 FEET, to a found railroad tie, for a deflection left;

**SCHEDULE C, con't**

S 53°44'19" W, a distance of 48.52 FEET, to a set ½-inch iron rod with Howland cap, being the south corner of said Share 6-B, also being the east corner of Share 7, called to contain 29.7 acres, conveyed to Proccso Martinez, et al, as recorded in Volume 39, Pages 1-9, Deed Records of Zapata County, Texas, for the south corner hereof;

THENCE, along the common boundary line of said Share 6-B and said Share 7, as follows:

N 35°42'00" W, a distance of 948.00 FEET, to a set ½-inch iron rod with Howland cap, being an interior corner of said Share 6-B, also being the north corner of said Share 7, for an interior corner hereof;

S 54°18'00" W, a distance of 1,095.88 FEET, to a set ½-iron rod with Howland cap on the 307 elevation traverse line, for the westernmost South corner hereof;

THENCE, along said 307 elevation traverse line, as follows:

N 08°45'00" W, a distance of 250.74 FEET, to a set ½-inch iron rod with Howland cap, for a deflection right;

N 02°46'00" W, passing a set ½-inch iron rod with Howland cap at a distance of 106.83 feet, being the westernmost corner of said Share 6-B, also being the westernmost south corner of said Share 6-A, and continuing for a total distance of 478.95 FEET, to a set ½-inch iron rod with Howland cap, being the south corner of a tract known as the "18 acre tract", conveyed to Macedonio Gutierrez, et al, as per Cause No. 7225, recorded in Volume 46, Pages 616-620, Deed Records of Zapata County, Texas on May 31, 1941, also being the northwest corner of said Share 6-A, for the Northwest corner hereof;

THENCE, N 54°17'00" E, generally along an existing barbed wire fence line with the northwest boundary line of said Share 6-A, passing a found 1½-inch galvanized pipe at a distance of 546.79 feet, being an exterior corner of said "18 acre tract", also being the west corner of said Part 1, continuing for a total distance of 2,972.27 FEET, to a found 1½-inch galvanized pipe, being an interior corner of said Part 1, also being the north corner of said Share 6-A, for the North corner hereof;

THENCE, S 35°41'41" E, generally along an existing barbed wire fence line with the northeast boundary line of said Share 6-A, a distance of 1,577.46 FEET, to the Point of Beginning, containing 94.59 acres of land, more or less.

# SCHEDULE D

**SCHEDULE D**

**MAP or PLAT**



**LAND TO BE CONDEMNED**

Tract:  LRT-LRS-1103
Owner:  Juan Vargas, *et al*.
Acreage:  94.59

\* The case caption identifies acreage for the entire parent tract; access to the entire parent tract may be necessary to complete a survey of the proposed tract in yellow hash marks on the map above.

# SCHEDULE E

## SCHEDULE E

ESTATE TAKEN

Zapata County, Texas

Tract:  LRT-LRS-1103
Owner:  Juan Vargas, *et al*.
Acres:  94.59

The estate taken is a temporary, assignable easement beginning on the date possession is granted to the United States and ending 12 months later, consisting of the right of the United States, its agents, contractors, and assigns to enter in, on, over and across the land described in Schedule C to survey, make borings, and conduct other investigatory work for the purposes described in Schedule B and to access adjacent lands; including the right to trim or remove any vegetative or structural obstacles that interfere with said work; reserving to the landowners, their successors and assigns all right, title, and privileges as may be used and enjoyed without interfering with or abridging the rights hereby acquired; subject to minerals and rights appurtenant thereto, and to existing easements for public roads and highways, public utilities, railroads and pipelines.

# SCHEDULE F

## **<u>SCHEDULE F</u>**

<u>ESTIMATE OF JUST COMPENSATION</u>

The sum estimated as just compensation for the land being taken is ONE HUNDRED DOLLARS AND NO/100 ($100.00), to be deposited herewith in the Registry of the Court for the use and benefit of the persons entitled thereto; and, an additional sum determined at the conclusion of the temporary estate described in Schedule E to constitute actual damages, if any.

# SCHEDULE G

## SCHEDULE G

### INTERESTED PARTIES

The following table identifies all persons who have or claim an interest in the property condemned and whose names are now known, indicating the nature of each person's property interest(s) as indicated by references in the public records and any other information available to the United States. See Fed. R. Civ. P. 71.1(c).

| Interested Party | Reference |
|---|---|
| **Juan Vargas**<br>███████<br>Laredo, Texas ███ | Warranty Deed with Vendor's Lien, Document #00179108; Volume 1015, Page 883; Recorded August 8, 2018, Official Records of Zapata County |
| **Miroslava B. Vargas**<br>███████<br>Laredo, Texas ███ | Warranty Deed with Vendor's Lien, Document #00179108; Volume 1015, Page 883; Recorded August 8, 2018, Official Records of Zapata County |